Joshua W. Carden, SBN 021698
Joshua Carden Law Firm, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melia Peterson,<br><br>     Plaintiff,<br><br>v.<br><br>Rae Construction, LLC, and Amy Petcovic,<br><br>     Defendants. | **ORIGINAL COMPLAINT** |

By and through the undersigned counsel, Plaintiff Melia Peterson files this Complaint against Defendants Rae Construction, LLC and Amy Petcovic and pleads as follows:

## NATURE OF THE CASE

1. This is a misclassification and failure to pay overtime case under the FLSA, coupled with the Defendants' failure to pay Plaintiff her final paycheck at all. Plaintiff was an administrative assistant for Defendants, originally paid hourly, then switched to salary without meeting any of the FLSA exemptions. During her employment, Defendants paid Plaintiff a "relocation bonus" to move into a neighborhood that would allow Defendants to qualify for certain government programs, and then refused to pay Plaintiff's final paycheck citing the previous bonus as their (illegitimate) excuse.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. The unlawful employment practices described herein were committed within the State of Arizona, on Defendants' premises located in Maricopa County, State of Arizona.



4. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. At all times material hereto, Plaintiff was a resident of Arizona and an "employee" of Defendants as defined in 29 U.S.C. § 203(e).

6. Defendant Rae Construction, LLC is an Arizona limited liability company doing business in Maricopa County, Arizona.

7. At all times relevant hereto, Rae Construction a) was Plaintiff's "employer" under the FLSA; and b) grossed more $500,000 in annual revenue; and/or was engaged in interstate commerce.

8. Amy Petcovic is an individual conducting business in Maricopa County, Arizona.

9. At all relevant times herein, Ms. Petcovic was the sole registered Member of Rae Construction, LLC, and Plaintiff's supervisor with ultimate hiring and firing authority over Plaintiff. She acted directly or indirectly in the interest of Rae Construction towards Plaintiff; thus, she is also individually deemed Plaintiff's "employer" for purposes of the FLSA.

10. Ms. Petcovic and Rae Construction, LLC constitute an "enterprise" as defined in 29 USC § 203(s)(1) and are thus subject to the requirements of the FLSA.

## FACTUAL BACKGROUND

11. Defendant Rae Construction is a registered general contractor in Arizona.

12. Defendants employed Plaintiff beginning March 17, 2014 and continuing until September 25, 2015.

13. Plaintiff's job was "administrative assistant."

14. For the first 30 days of her job, Plaintiff was paid hourly.

15. Thereafter, Defendants switched her to salary at the rate of $580 per week for 40 hours per week.

16. Plaintiff performed clerical work for Defendants.

17. While on salary, Plaintiff received no overtime compensation for hours worked in excess of 40 in any workweek.

18. In April 2014, Plaintiff began working approximately 8 hours each weekends in



2

addition to her 40 per week.

19. In June 2014, Plaintiff began working approximately 18 hours during the week and weekend in addition to her 40 per week.

20. Defendants were fully aware of Plaintiff's extra hours.

21. Defendants requested that Plaintiff worked the extra hours.

22. Upon information and belief, the reason Defendants paid Plaintiff a salary was to obtain the extra work and still avoid paying Plaintiff overtime.

23. In 2015, Defendants requested that Plaintiff move to a particular neighborhood for the purpose of qualifying Defendants for particular government housing programs.

24. As an incentive, Defendants offered Plaintiff a full week's pay ($580.00) as a bonus if she would move.

25. Plaintiff complied and received the bonus.

26. Plaintiff resigned her position on September 25, 2015.

27. She took off the day prior, September 24, 2015.

28. Upon information and belief, that is the only day Plaintiff took off during her employment.

29. Defendants refused to pay Plaintiff her final week of salary.

30. Defendants' "excuse" was the previous payment of the relocation bonus.

31. Plaintiff reported the violation to the U.S. Department of Labor, which found that Defendant Rae Construction, LLC had violated the FLSA.

32. Upon information and belief, Defendants failed to keep time records for Plaintiff.

33. Upon information and belief, Defendants were well aware of their obligations under federal law regarding minimum wage, overtime, and timekeeping requirements.

34. Plaintiff has retained the undersigned to represent her in this litigation and has agreed to pay reasonable attorney's fees for services rendered in the prosecution of this action on her behalf.

35. All conditions precedent to this suit have occurred or been excused.



# FIRST CAUSE OF ACTION - VIOLATION OF THE FAIR LABOR STANDARDS ACT

36. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

37. At all times relevant to this action, the Plaintiff was employed by Defendants.

38. Plaintiff was a non-exempt employee under the FLSA, whom Defendants suffered or permitted to work.

39. While employed with Defendants, Plaintiff consistently and regularly worked more than 40 hours per workweek.

40. Defendants have intentionally failed to pay Plaintiff overtime wages for all hours worked in excess of 40 in any given workweek in direct violation of the FLSA, 29 U.S.C. §§ 206 & 207.

41. Defendants also failed to pay Plaintiff minimum wages or her salary for her final week of work in violation of the FLSA.

42. Defendants' conduct in violation of the FLSA was willful and taken without good faith.

43. Defendants' conduct has caused Plaintiff harm.

44. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive minimum wage compensation in accordance with § 206 of the FLSA.

45. Under 29 U.S.C. § 207, Defendants are also liable to Plaintiff for an amount equal to one and one-half times minimum wage for each hour of overtime worked per week.

46. In addition to the amount of unpaid wages owed, Plaintiff is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor and against Defendants as follows:

A. Declaring that the actions of Defendants violated federal law, rendering them jointly and severally liable for all damages herein;

B. Awarding Plaintiff minimum wage compensation under the largest amount authorized



federal law for all hours worked, less any amounts actually paid by Defendants;

C. Awarding Plaintiff overtime under the FLSA equal to one and one-half times the proper hourly rate for all of the Plaintiff's time worked for Defendants in excess of 40 hours in any given workweek;

D. Awarding Plaintiff liquidated damages in an amount equal to that determined to be unpaid overtime under the FLSA;

E. Awarding Plaintiff pre-judgment interest;

F. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to state and federal statutes;

G. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

H. For such other and further relief as the Court deems just and proper.

Respectfully submitted on this 10th day of March, 2017,

JOSHUA CARDEN LAW FIRM, P.C.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorney for Plaintiff*
*Melia Peterson*